IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **WENDI KIDD,**<br><br>　　Plaintiff,<br><br>v.<br><br>**J2911 HOLDINGS, LLC d/b/a OOHLLAA.COM and LANE GREGORY,**<br><br>　　Defendants. | C.A. No. 4:17-cv-00464<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

## I. SUMMARY

Plaintiff Wendi Kidd ("Kidd"), by and through undersigned counsel, hereby brings this Complaint against J2911 Holdings, LLC d/b/a Oohllaa.com ("Oohllaa"), and Lane Gregory ("Gregory"), (collectively referred to as "Defendants"), and alleges as follows:

1. Defendants failed to pay Kidd the minimum wage for hours worked as required by the Fair Labor Standards Act ("FLSA").

2. Defendants failed to pay Kidd overtime at the applicable time and a half rate for overtime hours worked.

3. Defendants failed to pay Kidd for all hours worked. Accordingly, Plaintiff has claims for unpaid overtime and unpaid minimum wage under the FLSA.

4. This action seeks to recover the unpaid wages and other damages owed to Plaintiff.

## II. JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over Defendants pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

1

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. 1391(b) and (c), because all or a substantial portion of the acts or omissions forming the basis of this Complaint occurred in this District.

### III. PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Kidd is a resident of Collin County, Texas.

8. Plaintiff is an employee employed by Defendants within the meaning of the FLSA. Plaintiff's consent to this action is attached hereto as Exhibit A.

9. Defendant J2911 Holdings, LLC d/b/a Oohllaa.com is a domestic limited liability company. Its headquarters are located in Collin County, Texas. It may be served with process through its registered agent for service, United States Corporation Agents, Inc., at 9900 Spectrum Drive, Austin, Texas 78717.

10. Defendant Lane Gregory is an individual and manager/founder of Oohllaa. He may be served with process at: 7560 King Arthur Rd, Frisco, Texas 75035.

11. At all relevant times, Defendants have been and continue to be an employer within the meaning of the FLSA.

12. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce and producing goods for commerce. 29 U.S.C. § 203(s)(1).

13. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

14. At all material times, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §206-207.

15. Defendant Lane Gregory is manager/founder of Oohllaa.

16. Defendant Lane Gregory controlled the nature, pay structure, and employment relationship of the Plaintiff.

17. Further, Defendant Gregory had, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, he was responsible for the day-to-day affairs of the business. In particular, he was responsible for determining whether the business complied with the Fair Labor Standards Act.

18. As such, pursuant to 29 U.S.C. § 203(d), Defendant Gregory acted directly or indirectly in the interest of Plaintiff's employment as her employer, which makes him individually liable under the FLSA.

## IV. FACTS

19. Oohllaa is a mobile application development company.

20. Plaintiff was hired by Defendants on April 29, 2015 in the position of Director of Application Development. Plaintiff reported directly to Founder and Manager Lane Gregory.

21. Plaintiff's primary job duties in her position were to develop the CrowdShare app and subsequent apps, including executing requested changes, bug fixes, revisions, and further management through release and beyond. Plaintiff was further responsible for working on the company's other apps and coordinating with other developers as necessary.

20. The agreement between Kidd and Defendants was to compensate Kidd as follows for her services to Oohllaa: for her services through the completion of a beta version of the CrowdShare app, Kidd was to receive the computer Defendants purchased for her and 4% equity in the CrowdShare app. Thereafter, Kidd would receive a salary. Further, Defendants agreed to

provide necessary ergonomic desk equipment, and, because Kidd agreed to defer compensation, accepting a future equity stake, Defendants promised to cover Kidd's rent and bills beginning September 1st, 2015 and lasting until the company became profitable.

21. Plaintiff worked an average of 40 hours per week during her employment with Defendants. Plaintiff routinely worked 60 or more hours in a week.

22. Plaintiff worked these hours with the knowledge, permission, and mandate of Defendants.

23. Kidd spent nine months working full time for Oohllaa. She delivered the CrowdShare app beta version as agreed by October 2015, followed by a ready-to-sell 1.0 version, and a 1.1 version with changes requested by Gregory. Kidd then continued to make bug fixes and changes to the app through February 12, 2016. Kidd also facilitated the development of the Android version of the app by making her code available as a blueprint to the team working on the Android version and providing further information and assistance. Kidd turned over the code for version 1.1 to Oohllaa as early as December 26, 2015. Version 1.1 of the app Kidd developed is currently available for download in the Apple Store. Accordingly, Kidd performed all work required of her under her enforceable agreement with Gregory and Oohllaa, entitling her to her agreed on compensation.

24. Despite the agreement, Plaintiff was never paid for her work as promised. Plaintiff never received a salary, equity, or other compensation promised under the terms of her agreement.

25. Despite Kidd's repeated demands for payment, she has yet to be compensated for her work. In return for nine months of full time work, other than the computer provided for her work, Kidd has received the sum total of $3,000 from Defendants.

26. Because Plaintiff was not compensated on a salary basis, Plaintiff is not subject to the administrative, executive, or any other exemption from the minimum wage and overtime provisions of the FLSA. Accordingly, Plaintiff was entitled under the law to receive the minimum wage of $7.25 per hour for all hours worked. In addition, Plaintiff was entitled to receive overtime premiums for hours she worked over forty in a work week.

27. Defendants have repeatedly refused and failed to pay Kidd. Kidd requested numerous times that Oohllaa and Gregory pay her for her nine months of employment, to no avail.

28. Accordingly, Kidd now brings suit for Defendant's violations of their obligation to pay her as mandated by the FLSA.

## V. FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE VIOLATION

29. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

30. Defendants' practice of failing to pay Plaintiff for hours worked at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

31. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

32. Plaintiff is entitled to recover compensation for the hours she worked for which she was not paid at the federally mandated minimum wage rate.

33. Plaintiff is also entitled to liquidated damages in an amount equal to her unpaid wages.

34. Plaintiff is also entitled to recover her reasonable attorneys' fees and costs incurred in this action.

## VI. SECOND CAUSE OF ACTION: FLSA OVERTIME VIOLATION

35. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

36. By failing to pay Plaintiff overtime at one-and-one-half times her regular rate, Defendants violated the FLSA's overtime provisions. 29 U.S.C. § 207.

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff.

38. Defendants owe Plaintiff overtime at one-and-one-half times her regular rate for all hours worked in excess of forty (40) hours in a workweek.

39. Plaintiff is also entitled to liquidated damages in an amount equal to her unpaid wages.

40. Plaintiff is also entitled to recover her reasonable attorneys' fees and costs incurred in this action.

## VIII. JURY DEMAND

41. Plaintiff demands a jury trial.

## IX. PRAYER

42. Plaintiff respectfully requests that judgment be entered in her favor awarding her:

a) All unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

b) All unpaid minimum wage compensation, liquidated damages, attorney's fees and costs under the FLSA;

c) Pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowed by law;

d) All such other and further legal and equitable relief to which she may show herself to be justly entitled.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Mark G. Lazarz*_____
Mark G. Lazarz
State Bar No. 12069100
mlazarz@eeoc.net
Dorian Vandenberg-Rodes
State Bar No. 24088573
drodes@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF